## SHAW v. OWENS.

Circuit Court of Appeals, Fifth Circuit.
May 6, 1927.

No. 4794.

**1. Appeal and error ⬤⟹850(2)—Evidence will not be reviewed where special findings were made after jury was waived.**

It is immaterial whether bill of exceptions presents entire evidence, where special findings were made after jury was waived, since evidence will not be reviewed in such case.

**2. Vendor and purchaser ⬤⟹334(5)—Vendor's defective title held to warrant return to purchaser of cash down payment.**

Special finding that vendor's title to more than 20 per cent. of property to be conveyed was not good *held* to support judgment for purchaser for return of cash payment made on signing contract.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by C. A. Owens against G. T. Shaw. Judgment for plaintiff, and defendant brings error. Affirmed.

S. L. Herold, of Shreveport, La. (Thigpen, Herold, Lee & Cousin, of Shreveport, La., on the brief), for plaintiff in error.

Frank J. Looney, of Shreveport, La. (W. M. K. Olcott, of New York City, on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error and defendant in error, hereafter referred to as they appeared in the District Court, respectively, as defendant and plaintiff, entered into a contract whereby plaintiff agreed to purchase from defendant certain oil land in Claiborne parish, Louisiana, for $1,350,000, $50,000 cash and the balance at stated intervals, plus such income taxes as

defendant would have to pay on the profit derived from the sale. Defendant was to furnish abstracts and such other evidence, not of record, as might be necessary to show good title in him to at least 80 per cent. of the land, and plaintiff was to have 60 days in which to examine the title. It was further agreed, as evidenced by letter, that defendant would show good title in himself to all of section 30, township 21, range 7, a portion of the land considered the most valuable. The abstracts were delivered to plaintiff's attorney after some delay. Within the 60 days he reported, rejecting the title to more than 20 per cent. of the land offered for sale. Defendant did not produce other evidence satisfactory to plaintiff's attorneys within the 60 days, and thereafter demand was made for a return of the $50,000 that had been paid on signing the contract.

[1] Defendant declined to repay this, and suit followed; defendant maintaining that the title was good, and claiming the $50,000 as liquidated damages under the terms of the contract. The jury was waived by written stipulation, and at the close of the evidence each side moved for judgment, and also requested special findings of facts. The District Court granted the motion of plaintiff, and denied that of defendant, and also made special findings of facts, but did this by merely indicating what requests of both sides were approved and what denied. The bill of exceptions does not present the entire evidence as it appeared in the District Court, but in the view we take of the case it is unnecessary to consider it, as the findings of fact are sufficient to enable us to review the judgment.

In Bank of Waterproof v. Fidelity & Deposit Co., 299 F. 478, we had occasion to review the practice applicable to the trial of an action at law, wherein the jury is waived, and said this, citing authorities:

"Section 649, R. S. [Comp. St. § 1587], provides: 'The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury.' Parties have no right to require a special finding, but whether the finding shall be special or general rests in the discretion of the trial court. * * * However, if the court makes a special finding, the evidence, upon which it is based is not presented for review. * * * But the inquiry in the appellate court is limited to ascertaining whether the facts found support the judgment."

[2] Turning to the record, it appears that the court found as facts that title to all the

property in section 30 above referred to was not good in the defendant, and that more than 20 per cent. of the entire property showed defects in title which warranted the rejection of same by counsel.

It is unnecessary to further consider the record. These were findings of ultimate facts by the court, and not mere conclusions of law, and fully support the judgment rendered. There is nothing in the other findings of facts shown by the record to modify or offset these findings.

Affirmed.